Harry B. Frank, J.
These conflicting motions for summary judgment, each of which relies upon and seeks to invoke the doctrine of collateral estoppel, afford an excellent factual example of the oft-quoted but apparently misunderstood principle that mutuality of estoppel is a dead letter in this State.
The instant action arises out of an automobile accident that occurred on March 30, 1967 in New Jersey when the vehicle owned by defendant American Associates Car Rental, Inc., and operated by Moses Bell, whose estate is a codefendant herein, collided with the automobile owned by defendant Fred Del .Guercio and operated by defendant Margaret Del Guercio. Plaintiff Ruth Jacobs was a passenger in the vehicle operated by Moses Bell. Ann Bell, who was also a passenger in that vehicle, instituted an action in New Jersey against both the Del Guercios and the estate of Moses Bell. The New Jersey action was tried in September, 1970 and resulted in a verdict in Mrs. Bell’s favor as against the estate of Moses Bell only, there being a finding of “ no cause of action ’ ’ as against the Del Guercios.
It is the result in the prior New Jersey action that is variously being asserted on these motions as being conclusive in the present action wherein Mrs. Jacobs and her husband are the plaintiffs.
On the one hand, the Del Guercios, who were successful in the New Jersey action vis-a-vis Mrs. Bell, have moved for summary judgment dismissing the complaint against them in the present action on the ground of collateral estoppel, contending that under such doctrine the Jacobs, although not parties to the New Jersey action, must nevertheless be held bound by the judgment therein because the issues of negligence with respect to each of the vehicles were litigated in that action. Plaintiffs, who strenuously dispute such position and seek denial of the Del Guercios’ motion for summary judgment, have on the other hand, themselves cross-moved for summary judgment against the codefendant executrix of the estate of Moses Bell, claiming that under the rules of collateral estoppel the finding of liability against such defendant in the New Jersey action is conclusive in the present action where the issues are identical.
Notwithstanding the rhetoric of outrage by the defendants at the seeming inconsistency of plaintiffs’ position in, on the one hand, seeking to reject and on the other to invoke the New Jersey *608 result, such position falls squarely within the boundaries of the doctrine of collateral estoppel as adopted in this State.
It was made clear by our Court of Appeals in Schwartz v. Public Administrator (24 N Y 2d 65, 71) that “ there are but two necessary requirements for the invocation of the doctrine of collateral estoppel [namely,] there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling. ’ ’
While there is no real controversy herein with regard to the first element of “ identity of issue ”, the pivotal and determinative consideration is the second element — that is, the full and fair opportunity to contest. Defendants Del Gruereio argue that such second requirement has been adequately fulfilled because they themselves and the estate of the other driver involved were parties to the New Jersey action and had a full opportunity to present their respective versions of the accident. This seemingly simplistic contention is wholly irrelevant and, if adopted, would serve to completely distort the 1 ‘ modern and stable statement of the law of res judicata ’ ’ enunciated in the Schwartz case (p. 69). It is, of course, the party against whom collateral estoppel is sought to be applied who must have had a full and fair opportunity to litigate the particular issue. (Schwartz v. Public Administrator, supra, pp. 70-71; cf. B. R. DeWitt, Inc. v. Hall, 19 N Y 2d 141, 146.) That such is the crucial consideration was recently re-emphasized in the case of Molino v. County of Putnam (29 N Y 2d 44) where, as here, there was an attempt to apply collateral estoppel to a plaintiff who was not a party to the prior litigation. The court in Molina refused to apply the doctrine to the plaintiff who was suing, as administratrix, to recover for the wrongful death of her daughter, the driver in a one-car accident, notwithstanding that decedent’s father had previously been held liable, as owner of the vehicle, in a prior action brought by a passenger in said vehicle. Despite the necessary basis of the liability against the father, and the family relationships involved, the fact that the mother administratrix had not been a party to the earlier action and had had no opportunity to contest the issues in that action was found to be the overriding factor which precluded application of the doctrine.
In the instant, case, the fact pattern is far more compelling than in Molino. Here the plaintiffs concededly were neither parties to nor participants in the New Jersey suit and the only relationship involved is that of fellow passengers in a motor *609 vehicle. No amount of sophistic reasoning hy defendants can create some new species of privity relationship between such passengers by virtue of which one is held bound hy the outcome of an action instituted by the other solely on his own behalf. On the contrary, each is entitled to proceed in the manner best designed to further his own interests with respect to forum, counsel, and other such considerations, and each is clearly entitled to have a full and fair opportunity to be heard on the issues involved. Problems of calendar congestion, serious as they may be, cannot be used as a justification for distorting the doctrine of collateral estoppel as defendants seek, so as to deprive a party of his own day in court to contest issues affecting his interests. While it may be noted that dual trial situations such as the present one involving multi-State litigants are comparatively rare hy virtue of procedural measures such as consolidation, such considerations cannot in any event overcome the fundamental sine qua non of collateral estoppel that the party against whom it is applied ‘ ‘ must have had at least one opportunity to litigate the issues involved.” (Molino v. County of Putnam, 35 A D 2d 578, 579).
The plaintiffs in this case, not having been parties to the prior suit wherein the issue of the Del Gfuercios’ responsibility for the accident was litigated, cannot now he summarily deprived of the opportunity to contest such issue and the motion for summary judgment seeking such relief must be denied.
Quite a different situation prevails, however, with respect to plaintiffs’ cross motion for summary judgment against the defendant executrix of the estate of Moses Bell. The estate of Bell was a party to the New Jersey action and had a full opportunity to participate therein and he heard on the issue of its responsibility for the very accident that is here involved. Where a party has had a full opportunity to litigate a particular issue, he cannot reasonably demand a second one and the prior determination will be held to he conclusive upon him (Schwartz v. Public Administrator, 24 N Y 2d 65, 69-70, supra).
Defendant Bell does not dispute the fact that the issue of her decedent’s negligence was fully litigated in the New Jersey action, hut does contend that notwithstanding such determination, summary judgment cannot be granted in favor of plaintiffs because, since they were not parties to the prior action, defendant has never had a prior opportunity to litigate the issue of Mrs. Jacobs’ freedom from contributory negligence. While, as previously indicated, a prior opportunity to litigate an issue is essential to the application of collateral estoppel, *610 in the case of the contributory negligence of a passenger in his action against the driver of the vehicle a unique situation prevails in light of the full knowledge which the driver has concerning this element of the case. In recognition of the realities of such situation, the mere conclusory assertion on a motion such as this by defendant driver, who has already been held negligent, that ‘ ‘ there may be a serious question of contributory negligence on the part of the plaintiffs”, without any supporting facts, .must be held insufficient to raise a triable issue with respect to such question (De Paul v. George, 34 A D 2d 620). Accordingly, no issues remaining with respect to the liability of defendant Bell, the cross motion by plaintiffs against said defendant is granted and an assessment on the issue of damages directed, said assessment to be held simultaneously with the trial of the action against the codefendants which is set down on the calendar of this part for November 10, 1971.